ANDERSON COUN-
TY COURT
*vs.*
STONE & SON.

Case 55.

MANDAMUS.

Anderson County Court *vs.* Stone & Son.

APPEAL FROM ANDERSON CIRCUIT.

1. The county court, in contracting for the building of bridges, and making levies to pay for the work, act ministerially, not judicially, and therefore, by the express provision of the Code, may be controlled by mandamus. (*Civil Code, sec.* 526.)

2. In a proceeding by mandamus, to compel the county court to levy money and pay for building a bridge, a counter claim cannot be set up by the county court to recover back money already paid on the contract but as a defense; a defective performance of the work may be relied on as a reason why the county should not pay for the work done.

3. On a proceeding by mandamus, the defendants are to state the reason why they have failed to do that which is sought to be enforced by the mandamus. If a sufficient reason is given, the mandamus cannot be made peremptory. If the contract has not been performed according to contract, nor the work received, as completed, the writ of mandamus will not issue.

[The facts of the case appear in the opinion of the court. REP.]

*James D. Hardin*, for appellants—

All the pleadings are withdrawn except the petition and the demurrer thereto by agreement, with leave to give in evidence such matter as could be pleaded. The circuit court after hearing the evidence, awarded a peremptory mandamus to the county court, to which the county court excepted, and prayed an appeal.

1. Did the circuit court err in overruling the demurrer. The appellees say that the court did err. The Revised Statutes are silent in regard to the writ of mandamus, and the Code of Practice is the only legislative authority for a mandamus; and from its language it is a writ that can only issue to enforce such rights, and against such officers, to compel such things to be done as is therein specified. In England it was a prerogative writ, and was first used as such in the reign of Edward III. It has never been so

used in this state. Some of the states of the Union have authorized their use against corporations. We have no such statutes in Kentucky.

It is a will settled principle that the mandamus will not be awarded where there is any other remedy. The party had a complete remedy in this case. If he had done work for the county in building a bridge, and had performed the work according to contract, and the commissioners had received the work as done according to contract, or if it had been done according to contract, and the commissioners, notwithstanding, had refused to receive it, he could, have proved the performance of the contract and required the county court, upon his motion, to levy the sum due; and upon its refusal have asked for the mandamus if he had no other remedy. The case in 11 *B. Monroe*, 154, is not an authority in point in this case. In that case the legislature passed an act which authorized the subscription by the county court, of stock in the turnpike, and the levy of the amount on the county. The subscription was made, and order for the levy to pay it, and the court, by mandamus, ordered that it should be done. That was a case under the old law before the Code of Practice by which material changes are introduced. It can now issue only to compel the performance of a ministerial act which it is the duty of defendant to perform, and which he has refused to perform. (See *Civil Code, sec.* 148:)

The county court had the right to show, the report of its commissioners to the contrary notwithstanding, that the bridge was not built according to contract and was of no value, and this was shown, and should have exonerated the court from paying the contract price, if indeed any part of it should have been paid. The report of the commissioners was not conclusive upon the county court. It was competent for the county court to show that it, as well as the commissioners, had been imposed upon by the undertaker. (See *Caldwell vs. Harlan*, 3 *Monroe*, 351.)

The proof shows very clearly that the court relied more on Stone's statement that the work was done according to contract, than upon the report of the commissioners; and that after all that was said by the commissioners and Stone, the bridge was in fact received. The conclusion, from all that appears, is 1. That the bridge was not received. 2. That it was not done according to contract. 3. The undertaker made fraudulent representations to induce the court to receive the bridge. 4. If the work was not done according to contract, that damages to the county for such violation of contract constitutes a good subject matter of counter claim under the Civil Code.

*James Harlan*, for appellees—

1. The first question to be considered is, whether the proceeding by mandamus is the proper remedy ?

The cases of *Hardin vs. Page*, (8 *B. Monroe*, 651,) and *Justices of Clarke vs. Paris and Win. Turnpike Road Co.* (11 *B. Monroe*, 154,) are authority in support of the remedy by mandamus.

These cases however were decided before the adoption of the Code of Practice. But in examining the Code, (*secs.* 523 *to* 528, *inclusive*,) it will be found that the proceedings therein provided for were followed in the present case.

By the common law, the writ of mandamus is "the ' suppletory means of substantial justice in every ' case where there is no other specific legal remedy ' for a legal right, and will provide effectually as it ' can that all *official duties* are fulfilled, wherever the ' subject matter is properly within its control; the ' right of the court to apply this means for the at- ' tainment of such an end, and to prevent that defeat ' of legal justice which might otherwise ensue. (*Tapping on Mandamus*, 76 *Law Library*, 62; *Bacon's Ab. vol.* 6, *new edition*, 419; *Bouvier's Law Dictionary*.) It is a proper remedy to compel all inferior tribunals to perform their duty. (2 *Pickering*, 414; 10 *Pick*. 244; 7 *Mass*. 340; 4 *Pick*. 68; 21 *Pick*. 258.)

This court decided at the last term in a case from Marshall, of *Gilbert vs. Marshall,* (I quote from memory,) that the Code of Practice upon the subject of mandamus is the same it was at the common law. In this case there was no other remedy, because the county court judge and justices were not liable to be sued in a private action.

2: The next question is, whether this is the kind of case for a counter claim ? The Code of Practice in prescribing the mode of proceeding in mandamus is silent upon the subject of counter claim. The only pleadings are the petition and answer, and upon the proof the writ is allowed or denied. Set-off and counter claim were not contemplated.

3. The work was received by the county court as finished according to the contract, and there is nothing in the whole evidence to show that Stone & Son were guilty of any fraudulent conduct, any concealment whatever. They acted throughout in good faith. Can the county court refuse to pay the contract price on account of any defect or supposed defect in the workmanship of the bridge ? I presume not. If they desire to recover damages on that ground, the remedy is plain and direct. Their rights in that respect are not compromitted by the judgment of the circuit court.

It seems to me the judgment is right and should be affirmed.

Feb. 9, 1858.

Judge SIMPSON delivered the opinion of the court.

The appellees having built a bridge under a contract with the Anderson county court, moved the circuit court for a writ of mandamus against the presiding judge and the justices of the peace, who constituted said county court, requiring them to lay a levy according to law, to raise a sum sufficient to pay the petitioners the balance of the contract price for the building of the bridge. They alleged in their petition that they had built the bridge according to contract; that the commissioners who had been appointed to superintend the work had reported that

*Anderson Co'ty Court*
*vs.*
*Stone & Son.*

ANDERSON CO'TY
COURT
vs.
STONE & SON.

fact to the court; that one third or more of the price which they were to receive still remained unpaid, and that the county court refused to pay them what was due and owing to them, or to make any provision for its payment.

The presiding judge and the justices of the peace filed an answer, contesting the jurisdiction of the circuit court, denying that the plaintiffs had built the bridge according to the terms of the contract, and alleging that the work was so imperfectly executed that the bridge was unsafe, and failed to accomplish the purpose for which it was constructed. They specified several deficiencies in the work, and alleged that the commissioners appointed to superintend it had been induced by the fraudulent representations of the plaintiffs, to report that the work was completed according to contract, when in truth and in fact the bridge was so badly constructed that it was of no value whatever. They therefore claimed damages by way of counter claim against the plaintiffs for a breach of their contract.

The circuit court decided that the county court was bound to pay the plaintiffs the balance of the contract price, dismissed the counter claim without prejudice, and awarded a peremptory mandamus. From that judgment the defendants have appealed to this court.

The first question to be considered, is whether the circuit court has jurisdiction to award a mandamus in a case like the present. It is contended on the part of the appellants, that the law on this subject has been changed by the Code of Practice, and that now, under the operation of the 526th sec. of the Code, such a writ can only issue against an executive or ministerial officer, and not against an inferior judicial tribunal. It must be recollected, however, that the members of the county court, in contracting for the building of bridges, and in laying a levy to pay for the work, are acting ministerially and not in a judicial capacity, and are therefore expressly embraced

1. The county court, in contracting for the building of bridges, and making levies to pay for the work, act ministerially, not judicially, and therefore, by express provision of the Code, may be controlled by mandamus. *Civ. Code, sec. 526.*

by the provisions of the Code. Consequently, the jurisdiction of the circuit court, to hear the application and to award the writ, if it were authorized by the testimony, was unquestionable.

In a proceeding of this kind, a counter claim to recover back the money that has been paid on the contract is not proper. But if the petitioners have not complied with their contract, and the work has been unskilfully or imperfectly executed that matter may be relied upon as a reason why the defendants should not be compelled to pay the balance of the price.

We think the conclusion is irresistible, from a consideration of all the testimony, that the bridge was not built according to the contract; that it has been both unskilfully and imperfectly constructed, and that it is in its present condition, of very little value or advantage to the county.

It is contended, however, that the plaintiffs are liable for a breach of their contract, if they have not complied with it, and that the county court ought to be compelled to pay the stipulated price, and resort to an action against the plaintiffs for the recovery of such damages as may have been sustained by their failure to fulfil their part of the contract.

On such a motion, the defendants are required to state the reasons for their refusal to pay the plaintiffs' demand. If their reasons be sufficient, the motion cannot be sustained. Here they have proved that the bridge as built, is not actually worth as much as has been already paid to the plaintiffs for the building of it; that it is essentially defective, both in workmanship and materials, and that the plaintiffs are not justly entitled to any additional compensation for its construction. Under these circumstances the plaintiffs' motion should have been dismissed, unless the defendants have done some act by which they are precluded from relying upon this defense.

The commissioners who had been appointed by the county court to superintend the building of the

ANDERSON CO'TY
COURT
vs.
STONE & SON.

2. In a proceeding by mandamus, to compel the county court to levy money and pay for building a bridge, a counter claim cannot be set up by the county court to recover back money already paid on the contract; but as a defense a defective performance of the work may be relied on as a reason why the county should not pay for the work done.

3. On a proceeding by man-

damus, the de-
fendants are to
state the reason
why they have
failed to do that
which is sought
to be enforced
by the manda-
mus. If a suf-
ficient reason is
given, the man-
damus can not
be made per-
emptory. If the
contract has not
been performed
according to
contract,nor the
work received,
as completed,
the writ of man-
damus will not
issue.

bridge, and to report its completion when done, made a report, in which they stated that the work was completed, and that it had been performed according to contract, with some additions to the original plan, which were deemed necessary and proper. The report was received, and an order entered by the court at the same time, making an appropriation for the payment of the additional work. But no entry was made by the court acknowledging that the bridge was completed, or that the work had been performed according to contract. The court could not have properly made any such entry, as the contractors then stated in the presence of the court, that the bridge was not fully finished, although the commissioners had reported that it was. And it is proved by the commissioners, that in making their report they relied upon the representations of the plaintiffs, that the work had been done according to contract. It does not appear therefore that the county court ever received the bridge, or did any act which precluded them from controverting the right of the plaintiffs to the balance of the stipulated price. The report of the commissioners, considering the circumstances under which it was made, cannot be allowed to have this effect, even if it should in a case where it was made by them upon a personal examination of the work.

If this had been a contract between individuals, the defendants could have relied, by way of defense, to the action on the failure of the plaintiffs to perform their part of the agreement. The defense would, it is true, in such a case, have assumed the form of a counter claim. But we cannot perceive any good reason why such a defense, so far as it is used for the purpose of defense merely, cannot be relied upon in such a case as this. The proceeding is resorted to as a remedy to enforce the contract, and the defendants should not, because of the peculiar character of the proceeding, be placed in a worse attitude than they would be if they were individually responsible

upon the contract, so that an ordinary action could be maintained against them. It seems to us, therefore, that the appellants had a right to rely upon this defense, and should not be required to pay the contract price, and resort to an independent action against the plaintiffs for a violation of the contract.

Wherefore, the judgment is reversed, and cause remanded, with directions to overrule the motion, and dismiss the petition of the plaintiffs..